UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DWAYNE TYRONE SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:11-cv-01149 |
| | ) | Judge Haynes |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Dwayne Tyrone Simmons, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendant, the State of Tennessee. (Docket Entry No. 1, Complaint).

The Plaintiff alleges that Defendant "did not verify that [the Plaintiff] was of sound mind" in any of the Plaintiff's "cases." Id. at 1. The Plaintiff alleges that he is manic depressive and suicidal. According to his complaint, Plaintiff has been in four mental institutions during the past seventeen years, but the Defendant considers Plaintiff mentally competent. For relief, Plaintiff seeks to overturn "all" of his conviction in the State of Tennessee and reparations for each day of his confinement as well as to pursue his case to the United States Supreme Court. Id. at 3.

Under the Prison Litigation Reform Act (PLRA), the district court must screen any complaint filed by a prisoner against a governmental entity or official or employee of a governmental entity before the complaint is filed or as soon as practicable after docketing. 28 U.S.C. § 1915A(a); McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). On review, the court "shall" identify cognizable claims or dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or

1

that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The courts are required to construe pro se pleadings liberally, see Boag v. MacDougall, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal." McGore, 114 F.3d at 612. Thus, the Court must evaluate Plaintiff's complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's factual allegations must describe a "plausible" basis for the violation of his rights. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Here, Plaintiff only names one Defendant, the State of Tennessee. The State of Tennessee is not a person that can be sued under Section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Moreover, to the extent the Plaintiff seeks to overturn a criminal conviction, a Section 1983 action is not the proper vehicle for challenging state court convictions. Thus, the Plaintiff's complaint fails as a matter of law. All claims against the State of Tennessee should be dismissed. 28 U.S.C. § 1915A.

An appropriate Order is filed herewith.

William J. Haynes, Jr.
United States District Judge
1-25-12